UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-61019-RUIZ/STRAUSS

GUSTAVO FERNANDEZ, *et al.*,

    Plaintiffs,

v.

ODYSSEY CAPITAL MANAGEMENT, LLC,
*et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT SEBASTIAN PONCELIZ

**THIS CAUSE** has come before me upon Plaintiffs' Motion for Sanctions ("Motion for Sanctions") Against Defendant Sebastian Ponceliz ("Defendant Ponceliz"). (DE 66). United States District Judge Rodolfo A. Ruiz has referred the case to me for discovery matters. *See* (DE 36, 41). Plaintiffs have filed an affidavit in support of the Motion for Sanctions ("Affidavit"). (DE 66-1).

**I.     BACKGROUND**

Following a Discovery Hearing held on June 17, 2020, I determined that Defendant Ponceliz failed to timely respond, without justification, to Interrogatories and Requests for Production propounded upon him by Plaintiffs. (DE 60 at 2). Therefore, pursuant to Rule 37(a)(5), I ordered Defendant Ponceliz to pay Plaintiffs' reasonable expenses, including attorney's fees, in bringing their motion to compel his responses; I also instructed Plaintiffs to submit an accounting of their expenses in the form of a motion for sanctions. (DE 60 at 2-3). *See* Fed. R. Civ. P. 37(a)(5) (requiring the Court to order payment of the moving party's expenses when non-disclosure is substantially unjustified and when awarding expenses is not unjust). Plaintiffs' Motion for

Sanctions seeks attorney's fees of $5,370.75 and costs of $3.55. (DE 66-1 at 7-8). Defendant Ponceliz has not objected to this amount, and the time for doing so has now passed.

## II.     LEGAL STANDARDS

The Court uses the lodestar method to determine the reasonableness of fees, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (citing *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 at 1299,1302 (11th Cir.1988)).

Courts exercise discretion in determining what constitutes reasonable hours when reviewing attorney fee applications. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997). Further, courts appropriately exclude hours inadequately documented or which would be unreasonable for an attorney to bill a client or opposing counsel in the exercise of good billing judgment, such as hours for excessive, redundant, and unnecessary work. *See Duckworth v. Whisenant*, 97 F.3d at 1397; *Norman*, 836 F.2d at 1301.

Additionally, "a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The "relevant market" is "the place where the case is filed." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). "The court . . . is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303.

## III.     DISCUSSION

"While [Defendant Ponceliz] has not objected to the hours claimed by [Plaintiffs'] counsel, the Court still has a duty to use its own independent judgment to determine if the hours claimed are reasonable." *Turner v. Trans Union, LLC*, No. 18-CV-80938, 2019 WL 3926300, at *3 (S.D.

Fla. Aug. 13, 2019), *amended in part*, No. 18-CV-80938, 2019 WL 5102451 (S.D. Fla. Oct. 11, 2019). I have carefully reviewed Plaintiffs' counsel's billing records, which break out and describe in sufficient detail the work performed and the time ascribed to each task. (DE 66-1 at 6-8). The number of hours appears excessive for counsel's efforts in bringing the motion to compel with respect to the following: 1) time spent interacting with Defendant Ponceliz's former counsel regarding whether that former counsel would be withdrawing; 2) time spent calling Chambers; 3) time spent preparing for the Discovery Hearing; and 4) time spent preparing the Motion for Sanctions and the affidavit in support of same.

First, the 0.9 hours that Plaintiffs' counsel spent interacting with Defendant Ponceliz's former counsel prior to contacting the Court cannot be said to have proximately caused Plaintiffs' motion to compel because Plaintiffs' counsel was free to contact the Court without undertaking those efforts. (DE 66-1 at 6). Therefore, I deduct this time as non-compensable. Second, the 3.55 total hours spent preparing for the Discovery Hearing is excessive given that there was no response from the other side. Therefore, I deduct 1 hour from this activity. Third, the three calls to Chambers at .30 hours each is excessive. I reduce this to .20 hours for each call and deduct a total .30 hours as non-compensable. Fourth, the 6 hours billed for preparing the fee application, and counsel's declaration in support thereof, is excessive. (DE 66-1 at 7). No memorandum of law was required or included with the fee application because the Court found that Plaintiffs were entitled to their expenses in bringing a motion to compel. Therefore, the preparation of the Motion for Sanctions merely consisted of a recitation of procedural history and an outline of Plaintiffs' Counsel's efforts to follow-up on propounded discovery requests and schedule and attend a discovery hearing to compel a response to those discovery requests. Furthermore, much of this history is unnecessarily repeated between the Motion for Sanctions and the affidavit. (DE 66 at 1-

3; DE 66-1 at 1-5). Accordingly, I find that half of the 6 hours billed, or 3 hours, is compensable for Plaintiffs' counsel's efforts in preparing the fee application and associated affidavit.

The remaining hours for which Plaintiffs seek recovery are reasonable and include two efforts to schedule a discovery hearing because Defendant Ponceliz's former counsel withdrew after the first discovery hearing was set, which necessitated that hearing's cancellation. Therefore, in summary, I deduct a total of 5.2 hours from the total 13.95 hours billed and find that 8.75 hours are reasonable for Plaintiffs' counsel's efforts in bringing the motion to compel.

Alexander C. Flint, Esq., who is representing Plaintiffs in this case, declares that he is a partner in the Miami-based law firm of G&F Law Group, LLP and has been licensed to practice law in the State of Florida since September 2015. (DE 66-1). His practice focuses on commercial law and he has litigated in state and federal courts, including courts of appeal. *Id.* Plaintiffs request compensation for Mr. Flint at his standard rate of $385 per hour. *Id.* at 2, 6-8. Although Mr. Flint offered no support for his hourly rate, I find that Mr. Flint's hourly rate is comparable to other lawyers in the community with similar skills and experience. *See All Web Leads, Inc. v. D'Amico*, No. 18-CV-80571, 2019 WL 2051970, at *2 (S.D. Fla. May 2, 2019) (finding shareholder and co-managing partner hourly rate of $525 to be reasonable and 7-year associate hourly rate of $400 to be reasonable). Therefore, I conclude that Mr. Flint's $385 hourly rate is reasonable. Furthermore, as Plaintiffs' counsel provided notice of the Discovery Hearing to Defendant Ponceliz at the direction of the Court, I award Plaintiffs their costs of $3.55 in complying with that directive.

- 5 -

**IV.	CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Sanctions is **GRANTED IN PART**. I award a total of **$3,372.30** ($3,368.75 in attorney's fees and $3.55 in costs) for reasonable expenses in bringing the motion to compel.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 18th day of August 2020.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

Copies via CM/ECF to all counsel of record

The Clerk of the Court shall mail,
via first class mail, a copy to:

Sebastian Ponceliz
11620 Kensington Court
Boca Raton, Fl 33428
*PRO SE*